IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENN PATIO SUNROOMS, INC.,

    Plaintiff,

v.

OHIO CASUALTY INSURANCE
COMPANY and OHIO CASUALTY
GROUP,

    Defendants.

NO. 3:08-CV-0120

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff Penn Patio Sunrooms, Inc.'s motion to remand this case to the Court of Common Pleas of Luzerne County. (Doc. 5.) Because Defendants' motion to remand is outside of the one (1) year limitation for removal in diversity cases, the Court will grant Plaintiff's motion and remand the case to the Court of Common Pleas of Luzerne County.

## LEGAL STANDARD

On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991). Furthermore, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.*

## BACKGROUND

On January 27, 2006, Plaintiff commenced this action in the Court of Common

Pleas of Luzern County by filing a Writ of Summons. On January 7, 2008, Plaintiff filed its Complaint in state court. (Doc. 1 Ex. 1.) Defendants timely filed a notice of removal to the Middle District of Pennsylvania on January 18, 2008 pursuant to 28 U.S.C. § 1446(b). 28 U.S.C. § 1447(c). The motion is fully briefed and ripe for disposition.

## DISCUSSION

Plaintiff advances two arguments regarding the propriety of remand in this case. First, Plaintiff argues that Defendants did not timely file their Notice of Removal within thirty (30) days of the "amended pleading" or other papers. Second, Plaintiff argues that even if Defendants did timely file within thirty (30) days, they are barred from federal court by the one (1) year exception to removal in diversity cases.

### I.     Filing Within Thirty (30) Days of Initial or Amended Pleading

The first issue is whether the Defendants timely filed their Notice of Removal within thirty (30) days of the "initial" or "amended" pleading or other papers. The federal removal statute provides, in relevant part, that

> If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*.

28 U.S.C. § 1446(b) (emphasis added).

Plaintiff filed a Writ of Summons on January 27, 2006. However, a Writ of Summons, which is used in Pennsylvania state courts to initiate an action, is not an "initial pleading" removable to federal court under 28 U.S.C. § 1446(b). "'At a minimum,

2

there must have been an 'initial pleading setting forth the claim for relief' received by the defendant before a defendant may invoke this provision.'" *McFarland v. Muse*, No. 3:05-CV-1155, 2005 WL 2133672, at *1 (M.D. Pa. Sept. 1, 2005) (Caputo, J.) (quoting *Gervel v. L & J Talent*, 805 F. Supp. 308, 308 (E.D. Pa. 1992)).  In *Gervel*, the court held that the Writ of Summons did not amount to such an initial pleading, as it indicated only the court involved, the parties to the action, and a notification of suit.  *Id.*  "'[T]he Federal Rules and the removal statute presuppose that an initial pleading setting forth a claim for relief has been filed . . . Without such an initial pleading, the removal of a Writ of Summons alone is premature since [the federal court] cannot have subject matter jurisdiction.'" *Id.* (citations omitted).  A Writ of Summons, without a complaint, does not state a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing the federal court's jurisdiction.  *See Gervel*, 805 F. Supp. at 309, n.4.

Plaintiff argues that testimony by Plaintiff's representatives showed notice that the amount of controversy was in excess of $75,000, and therefore, the Defendants had knowledge of the removability of the action prior to the filing of Plaintiff's Complaint.  However, the testimony does not fall within the category of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  This Court has previously held that letters from counsel may not serve as a basis for jurisdiction.  *McFarland v. Muse*, Civ. A. No. 3:05-CV-1155, 2005 WL 2133672, at *1 (M.D. Pa. Sept. 1, 2005) (Caputo, J.).  Like letters from counsel, testimony from Plaintiff's representatives in a

3

deposition does not qualify as sufficient pursuant to 28 U.S.C. § 1446(b) as a paper in which the Defendants could ascertain the removability of the action.  Therefore, the Defendants timely filed their removal papers within thirty (30) days of the Complaint.

## II.     One Year Exception to Removal

However, Defendants are barred from removing the case pursuant to the one (1) year exception.  Although the Plaintiff properly removed within thirty (30) days, the removal is still time-barred.

The federal removal statute provides, in relevant part, that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after *commencement* of the action."  28 U.S.C. § 1446(b) (emphasis added).  The one (1) year limitation occurs based upon when the action commences in state court, and not at the time of a pleading or other paper as described in the first part of Section 1446(b).

Judge Conaboy in *Namey v. Malcolm*, – F. Supp. 2d –, 2008 WL 465578 (M.D. Pa. Jan. 15, 2008) recently considered the issue of timeliness in a removal case regarding the one (1) year exception.  Judge Conaboy's opinion addressed when commencement of the action occurs for purposes of a removal action from Pennsylvania state court.  Judge Conaboy noted that "[t]he governing federal statute, 28 U.S.C. § 1446, references the commencement of the action in state court, not in federal court.  Therefore, the dispositive consideration is when the action commenced in state court."  *Id.* at *3.  The *Namey* court noted that under the Pennsylvania Rules of Civil Procedure, "an action may be commenced by filing with the prothonotary (1) a praecipe for a writ of

4

summons, or (2) a complaint." PA. R. CIV. P. 1007.  Unlike a federal court action, commencement of an action in Pennsylvania state court may be triggered by a writ of summons.  Judge Conaboy held that the Writ of Summons in the Luzerne County Court of Common Pleas triggered the one (1) year statutory period for removal of an action and marked the commencement of the action.  *Id.*  Therefore, the action in *Namey* was not timely removed.  *Id.*

Similarly, the one (1) year limitation on removal was triggered by the commencement of the action in the Court of Common Pleas in Luzerne County by the Writ of Summons filed on January 27, 2006.  Defendants had one (1) year from that date to remove the case to federal court.  Defendants' notice of removal was filed on January 18, 2008, almost two (2) years after commencement of the action.  Although Defendants filed within the required thirty (30) days, they are barred by the one (1) year limitation on removal in diversity cases.  As the removal was more than the one year permitted by statute, remand is appropriate.

Although a defendant may not remove a Writ of Summons, and the time limit for removal within one (1) year begins at the filing of the Writ of Summons, the defendant is not without recourse.  A defendant in Pennsylvania state court may file a praecipe to force the plaintiff to file a Complaint after service of the Summons.  PA. R. CIV. P. 1037(a) ("If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.").  In Pennsylvania, if a defendant believes he or she would wish to remove, Rule 1037 should be employed so as to meet the one

(1) year limitation.  Of course, a defendant may choose to wait it out hoping the plaintiff will lose interest.  That is defendant's choice in terms of how important a defendant deems it is to be in federal court.

## CONCLUSION

Plaintiff's motion to remand will be granted, and the matter will be remanded to the Luzerne County Court of Common Pleas, as Defendants' notice of removal is time-barred by the one (1) year exception to removal in diversity cases pursuant to 28 U.S.C. § 1446(b).

An appropriate Order follows.


<u>March 31, 2008</u>                              <u>/s/ A. Richard Caputo</u>
Date                                                    A. Richard Caputo
                                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENN PATIO SUNROOMS, INC., | |
| Plaintiff, | NO. 3:08-CV-0120 |
| v. | (JUDGE CAPUTO) |
| OHIO CASUALTY INSURANCE COMPANY and OHIO CASUALTY GROUP, | |
| Defendants. | |

## ORDER

**NOW**, this  31st  day of March, 2008, Plaintiff's motion to remand (Doc. 5) is **GRANTED** and the matter is **REMANDED** to the Luzerne County Court of Common Pleas.  The Clerk of the Court is directed to mark this case **CLOSED**.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge